West'n District
*Sept. 1823.*

TURNBULL
*vs.*
DAVIS & AL.

The want of publication of a judgmeet of separation does not render it *ipso facto* void.

[1NS 568]
[119 688]

*TURNBULL* vs. *DAVIS & AL.*

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. The sheriff having seized property as belonging to Walter Turnbull, by virtue of an execution in favor of the defendants, Mrs. Turnbull the wife of Walter, prayed an injunction against further proceedings on the levy thus made, and alleged in her petition that she is the true and legal owner of said property, under a sheriff's deed, which was sold to satisfy a judgment, rendered in her favor against her husband, for her paraphernal estate. The injunction was granted, and afterwards dissolved, on hearing the cause, and from the judgment or decision last rendered, the plaintiff appealed.

The evidence of the case shews, that Mrs. Turnbull instituted a suit against her husband for a separation of property, which was decreed, and also a judgment pronounced in her favor, for a large sum, on account of her paraphernal effects, upon which execution issued, was levied on the property of the husband, and at the sale she became purchaser thereof, and now holds it under a sheriff's deed. On the

part of the defendants, a judgment against Mr. Turnbull is there regularly recorded, anterior to that obtained by his wife, as above stated.

The principal grounds of defence relied on, against the claim of the plaintiff are, the want of publication of the separation of property obtained by the wife, as required by the *Civil Code, page* 342, *art.* 89 ; and the privilege acquired by an elder judgment, regularly recorded.

It is true, that by law, publication of a separation of property between husband and wife, is expressly required : but the pain of nullity is not denounced against a neglect of such publication. It is not a prohibitive regulation, which might, in some instances, imply nullity. We are therefore of opinion, that a judgment of separation, unattended by publication is not *ipso facto* void ; but if such laches afford any ground for annulling and declaring it inefficient, it can only be decreed on shewing fraud and injury to third parties, as a consequence of omitting the publication. In the present case, there is no positive testimony that the defendants have suffered any injury, resulting from the neglect to publish the decree of sepa-

ration : nor can such injury be legally presu- med from the whole tenor of the evidence.

Being legally separated of property from her husband, the plaintiff had a right to enforce her claims against him. This she did, in the same proceeding, by which a separation was decreed, so far as to obtain a judgment for the amount of her paraphernal effects, which has in part been executed. But these proceedings are all subsequent to the rights acquired by the defendants, in consequence of their judicial mortgages, and therefore their counsel insists that the appellant's claim of privilege should be posponed to theirs. This would be correct if it depended solely on the judgments in favor of the parties, which is not the case, for the tacit or legal mortgage of the wife, commenced and took effect from the time at which her husband got possession of her property, which it is not denied was anterior to the judicial mortgage of the appellees.

The judgment against the husband, not being regularly opposed by intervention of the defendant, in the suit for separation, and as there is no suggestion or proof of fraud or collusion, is good evidence of the amount due to the wife, on account of her paraphernal effects.

In support of this principle, see 6 *Martin*, 14.

We are of opinion that the judgment of the district court is erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the injunction heretofore granted by said court, be reinstated in all its force; and that the same be made perpetual; and that the appellees pay costs in both courts.

*Oakley* for the plaintiff.